# Murray *v.* Frick et al., Appellants.

*Negligence—Object falling on pedestrian—Res ipsa loquitur—Evidence—Offer—Other similar things—Time—General objection—Competency of evidence—Appeal—Words and phrases—"Incompetent," etc.*

1. While the rule of res ipsa loquitur has not been applied to an injury sustained by a pedestrian from an object falling from a building, yet in such case very slight evidence of negligence is sufficient to meet the burden of proof placed on the person injured.

2. One who negligently creates a dangerous condition cannot escape liability for the natural and probable consequences thereof,

although the innocent act of a third party may have contributed to the final result.

3. Where only a general objection is made to an offer of evidence, its admission is not error if competent for any purpose.

4. On appeal, a party will be limited to the specific objections to evidence made at the trial.

5. The words "incompetent, irrelevant and immaterial" do not set forth specific grounds of objection; they are almost universally classed as mere general objections.

6. Where evidence has been admitted under general objection, and no request has been made to limit its effect, it is before the jury as evidence generally and is proper matter for comment by the trial judge.

7. Where a window screen has been left properly adjusted by a tenant in a building, and a cleaner of the owner of the building does not properly readjust it after cleaning, and the screen falls as an employee of the tenant was closing the window, without the screen having been touched by him, a pedestrian who was injured by the falling screen may recover from the owner of the building.

8. In such case evidence of the condition of other screens in the same room on the next morning, is admissible under general objection to illustrate the physical facts and show how the accident might have happened by the screen in question being attached at the top only so that a jostle caused its fall. In such case the time is not too remote.

Argued March 6, 1923. Appeal, No. 24, Oct. T., 1923, by defendants, from judgment of C. P. Allegheny Co., April T., 1921, No. 973, on verdict for plaintiff, in case of Melba Irene Murray, now known as Melba Murray Boyle v. Adelaide H. C. Frick et al., executors of H. C. Frick, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for personal injuries. Before HAYMAKER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $7,500. Defendant appealed.

Errors assigned were various rulings and instructions sufficiently appearing by the opinion of the Supreme Court, quoting record.

*William S. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.—This is not a case where the rule res ipsa loquitur applies; in order to recover plaintiff was bound to prove some act of negligence on part of defendant, and proof of the falling of the screen from defendant's building raised no presumption of negligence: Joyce v. Black, 226 Pa. 408; Nicholl v. Bell Tel. Co., 266 Pa. 463.

Evidence as to other screens should have been excluded: Veit v. Brewing Co., 216 Pa. 29; Baker v. Irish, 172 Pa. 528.

*David A. Reed,* of *Reed, Smith, Shaw & McClay,* with him *W. L. G. Gibson,* for appellee.—Where testimony is offered for one purpose and becomes admissible by satisfying all the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity and because the jury might improperly consider it in the latter capacity: Pegg v. Warford, 7 Md. 582; Stauffer v. Young, 39 Pa. 455; Lamb v. Ry., 217 Pa. 564; Carson v. Godley, 26 Pa. 111; Sopherstein v. Bartels, 178 Pa. 401; Baker v. Hagey, 177 Pa. 128; Potter v. Gas Co., 183 Pa. 575; Heiss v. Lancaster, 203 Pa. 260.

OPINION BY MR. JUSTICE WALLING, April 9, 1923:

On September 3, 1919, the plaintiff, Melba Irene Murray, while on Grant Street, Pittsburgh, was seriously injured by a window screen which fell from the nineteenth floor of the Frick building. When properly adjusted the screen was held in place by four iron pins; one at each upper corner, two and a fourth inches long, extended down from the screen through a bracket attached to the window frame, while near each corner at the bottom a pin, one and a fourth inches long, extended from the window sill up through a hole in the frame of the screen. The room was in the possession of a tenant who had installed the screens on a model approved by H. C. Frick, owner of the building, whose executors are the

defendants. It was Frick's duty to clean the windows and to do so the screens were temporarily removed, which had been done by his employees a week before the accident, and it is plaintiff's contention that the screen fell because negligently replaced by them. When properly in place there was a clearance of at least one-fourth of an inch between the window and the screen, so the opening and closing of the former had no effect upon the latter, yet plaintiff's evidence is that as an employee of the tenant was closing the window the screen fell without being touched by him, or without having been disturbed since replaced by the window cleaners. The evidence justifies the conclusion that the screen could not have fallen as it did if properly in place. Furthermore, the accident happened in the afternoon at closing time, and when the room was opened the next morning the screens on two of its four other windows were found without being engaged to the pins at the bottom. The defendants submitted no testimony, but made a request for binding instructions, which was refused, and this appeal by them is from judgment entered on a verdict for plaintiff.

There is nothing in the record calling for a reversal. While we have not applied the rule of res ipsa loquitur to an injury sustained by a pedestrian from an object falling from a building (Joyce v. Black, 226 Pa. 408), yet in such case very slight evidence is sufficient to meet the burden of proof. The case is not unlike an injury to a pedestrian by the fall of a trolley pole where the quantum of proof necessary to establish the negligence of the electric street railway company need be very slight and may consist of circumstances: Dougherty v. Phila. R. T. Co., 257 Pa. 118, and cases there cited. Here, the fact that the screen fell, without being touched by any one, which it could not have done if properly in place, is evidence that it was not so in place, which, together with the fact that Frick's employees were the last to handle the screen and responsible for its replacement, necessitated the submission of the case to the jury. The con-

dition in which other like screens in the same room were
found, while not essential to plaintiff's case, was com-
petent to illustrate the physical facts and show how
the accident might have happened by the screen in ques-
tion being attached at the top only so that a jostle caused
its fall.   The evidence tends to show the screen was left
so out of its proper alignment as to touch the sash of the
window and that raising the latter caused the fall of the
former; but that does not excuse the defendants.   One
who negligently creates a dangerous condition cannot
escape liability for the natural and probable conse-
quences thereof, although the innocent act of a third
party may have contributed to the final result.   In the
language of Judge COOLEY, quoted with approval in
Wood v. Penna. R. R., 177 Pa. 306, 310, and also in Ho-
warth v. Adams Express Co., 269 Pa. 280, 282, "If the
original act was wrongful, and would naturally, accord-
ing to the ordinary course of events, prove injurious to
some others, and result, and does actually result, in in-
jury, through the intervention of other causes not wrong-
ful, the injury shall be referred to the wrongful cause,
passing through those which were innocent."

Plaintiff's offer to prove the condition in which the
other screens were found the next morning, was, as
stated, "for the purpose of showing the physical possi-
bility of screens of this type being poised as we think
this one was without the pins being engaged, and for the
purpose, second, of showing by circumstantial evidence
that this particular screen was poised in that position,
by the window cleaners at the time that it fell."   This
was objected to, "as incompetent, irrelevant and imma-
terial, generally and particularly, for the reason that
the facts that counsel propose to prove, even if they were
competent, are too far removed from the time of this
accident."   This objection being overruled, the witness
testified, as above stated, that two of the remaining
screens were not engaged at the bottom.   The evidence
was competent for the purpose of showing the physical

possibility of the screen in question, which was of the same type as the others, being poised, although not engaged or fastened at the bottom and as the objections thereto were merely general they were properly overruled. See 22 C. J. 744, 753. Had the defendant desired to limit the evidence to that feature of the case, the objection should have so stated. Where only a general objection is made to an offer of evidence, its admission is not error if competent for any purpose: Cullum v. Wagstaff, 48 Pa. 300; Benner v. Hauser, et al., 11 S. & R. 352; 10 R. C. L., p. 929; 1 Wigmore on Evidence, section 18, p. 57, note. "A general objection will not avail if any part of the offer is good": Moschzisker's Trial by Jury, section 201; Laubach v. Laubach, 73 Pa. 387, 393. Here there was no special objection made to the competency of the evidence of the condition of the other screens as a circumstance tending to show the condition of the one in question, hence, that specific objection was waived: Messmore v. Morrison, 172 Pa. 300; Moschzisker's Trial by Jury, sections 208-210. And on appeal the party will be limited to the specific objections made at the trial: Benner v. Fire Assn. of Phila., 229 Pa. 75; Danley v. Danley, 179 Pa. 170; Roebling's Sons Co. v. Am. A. & C. Co., 231 Pa. 261, 271. In other words, we cannot consider other reasons for the rejection of evidence than those stated at the trial: Brown v. Kittanning, 259 Pa. 267. As the accident happened when the office was being closed for the day and the screens in the windows were found as described on opening the next morning, there was no force in the point that the time was too remote (see Chitwood v. Phila. & R. Ry. Co., 266 Pa. 435), and this was the only specific objection made to plaintiff's offer. The weight of authority throughout the United States is that the words 'incompetent, irrelevant, and immaterial' do not set forth specific grounds of objection; they are almost universally classed as mere general objections: see 26 R. C. L. 1048, 1050 and note; 38 Cyc. 1386; see also Com. v. Eyler, 217 Pa. 512, 515.

Even after the evidence as to the condition of the other screens was admitted, the defendant might have requested the trial judge to limit its effect to the first purpose for which it was offered (Pegg v. Warford, 7 Md. 582, 607; 1 Wigmore on Evidence, section 15, p. 42, note), but as it was admitted and no request made to limit its effect, it was before the jury as evidence generally and a proper matter for comment by the trial judge. We so hold in the matter of hearsay evidence in Luckett v. Reighard, 248 Pa. 24, 28, where Mr. Justice MESTREZAT, speaking for the court, says, "The testimony was before the court and the jury, and it was not only proper, but it was the duty of the court to direct the jury's attention to it. We have sustained the court's refusal to strike it from the record [because the application was made too late], and it was, therefore, competent testimony and to be considered by the jury."

The judgment is affirmed.