## Pessolano et ux., Appellants, *v.* Philadelphia Transportation Co.

Argued January 11, 1944. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and HUGHES, JJ.

*James F. Masterson,* with him *Maurice Freedman,* for appellants.

*Samuel S. Herman,* with him *Bernard J. O'Connell,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 20, 1944:

This is an action in trespass by Charles Pessolano and Rachel Pessolano, his wife, appellants, to recover damages for injuries sustained by the appellant-wife as a result of being struck by a trolley car, owned and operated by the Philadelphia Transportation Company, appellee. This appeal is from the refusal of the court below to take off a compulsory nonsuit entered for the reason that appellant-wife was guilty of contributory negligence.

On December 9, 1940, at 2:20 p.m., the appellant-wife was proceeding across Germantown Avenue in the City of Philadelphia where said avenue intersects with Cambria Street. Germantown Avenue is 36 feet wide and runs north and south. Appellee operates a double track trolley line on this avenue. The first rail on the southbound track is 20 feet from the eastern curb of Germantown Avenue and the middle of the southbound track is 22½ feet from said curb. Appellant was walking from the northeast to the northwest corner of Germantown Avenue.

Viewing the evidence most favorable to appellants, and giving them the benefit of all proper inferences reasonably to be deduced therefrom, it appears that the wife, standing on the northeast corner, looked to the south and saw an automobile 200 feet away. To the north she saw appellee's trolley car 150 feet away, traveling at a speed of 12 to 15 miles per hour. She noticed what appeared to be two intended passengers at a regular trolley stop on the northwest corner, waiting for the approaching trolley car. As she crossed the avenue she observed that said car slowed down and, expecting it to stop, proceeded to cross in front of it. No stop was made, however, and appellant was struck while in the middle of the southbound track, suffering numerous and serious injuries. The trolley car came to a stop 20 feet beyond the point of impact. She testified that while crossing the avenue she was watching the trolley car at all times;

that she also watched for traffic which might turn onto the avenue from Cambria Street; that she saw the trolley car slow down; and, that, while in the middle of the southbound track, she noticed it increase speed and she attempted to jump back and avoid being injured.

This Court has repeatedly held that a plaintiff may not properly be declared guilty of contributory negligence as a matter of law unless the evidence is so clear in that regard that fair and reasonable individuals could not disagree as to its existence: *Rea v. Pittsburgh Railways Co.,* 344 Pa. 421, 423; *Altomari v. Kruger,* 325 Pa. 235, 240; *Todd v. Nesta,* 305 Pa. 280, 287. In *Miller v. Erie,* 340 Pa. 177, 183, we adopted the definition of contributory negligence, as set forth in Restatement, Torts, Section 463, which is as follows: "Conduct on the part of the plaintiff which falls below the standard to which he should conform for his own protection and which is a legally contributing cause, coöperating with the negligence of the defendant in bringing about the plaintiff's harm." In *Kilpatrick v. Philadelphia Rapid Transit Co.,* 290 Pa. 288, 293, this Court held: "Where one voluntarily subjects himself to manifest danger, he cannot complain because others failed to exercise due care so as to save him from harm."

Assuming that the wife looked where she was going and apprised herself of the speed of appellee's trolley car, it is obvious from the record that she erred in her judgment and walked into apparent danger, disregarding "the inflexible rule that pedestrians must look for approaching cars immediately before entering a street railway track . . .": *Sinnig v. Pittsburgh Railways Company,* 316 Pa. 328, 331. "It is settled that a pedestrian crossing a street must not only look before he enters but must continue to look as he proceeds and that he will not be heard to say that he looked without seeing what was approaching and plainly visible": *Guy v. Lane,* 345 Pa. 40, 43. This failure on her part prevents recovery.

Appellant's testimony that she observed the movements of appellee's car at all times cannot operate to satisfy the requirement that a plaintiff must make out a prima facie case free from contributory negligence. ". . . it is vain for a person to say he looked and listened when, in spite of what his eyes and ears must have told him, he walked or drove in front of an approaching train or car by which he was immediately struck": *Barton v. Lehigh Valley Transit Co.*, 283 Pa. 577, 581; *Sinnig v. Pittsburgh Railways Company,* supra, 331, and cases therein cited. Appellant's version of the accident and her testimony with regard to continual vigilance and the exercise of due care are contrary to fact. The court below properly refused appellant's motion to take off the compulsory nonsuit.

Order appealed from is affirmed.