## Martino, Appellant, *v.* Adourian.

Argued November 15, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Roland J. Christy,* for appellant.

*John J. McDevitt, 3rd,* with him *Peter P. Liebert, 3rd,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, January 3, 1949:

The question raised by this appeal is whether plaintiff was guilty of contributory negligence as *matter of law.* The court below directed a verdict for defendant. Plaintiff's motion for a new trial was denied. This appeal followed.

Viewing the evidence in the light most favorable to plaintiff, the facts are as follows: At 8:30 p. m. on December 1, 1946, the plaintiff, a woman sixty-six years

of age, started to walk across the intersection of Sixty-fourth Street and Haverford Avenue, from the southwest to the northwest corner. Haverford Avenue is a heavily travelled thoroughfare forty-four feet in width, but by reason of an angle at the northwest corner of the intersection the distance between the curb lines at the corner is fifty feet. There is one trolley track on Haverford Avenue which is situate twenty-four and one-half feet north of the south curb line. It is a standard five foot, two-inch track, so that the distance between the north rail and the northwest curb is a little better than twenty feet. The defendant was driving an automobile west on Haverford Avenue at a speed of fifteen to twenty miles per hour. There is an overhanging electric light at the intersection, which light extends out from the pole on the southwest corner toward the northeast corner, and which light was lit at the time of the accident. The weather was clear and the highway dry. The view east on Haverford Avenue was unobstructed. Plaintiff testified that she had looked before leaving the south curb and then looked again when she reached the trolley track, but did not see the defendant's car or any other motor vehicle at any time before she was struck by defendant's automobile. When she was struck she had one foot on the north curb and one in the cartway. The lower court decided that the evidence established the applicability of the rule: "it is vain to say one looked but did not see what was obvious." It held plaintiff guilty of contributory negligence *as matter of law*. With this we do not agree.

This Court has decided in many cases that contributory negligence may be declared judicially only where it is so clearly revealed that fair and reasonable individuals could not disagree as to its existence: *Altomari v. Kruger et al.*, 325 Pa. 235, 188 A. 828; *Pessolano et ux. v. Philadelphia Transportation Co.*, 349 Pa. 73, 36 A. 2d 497; *DiBona, Admr. v. Philadelphia*

*Transportation Company*, 356 Pa. 204, 51 A. 2d 768. See also: *Ashcraft v. C. G. Hussey and Company*, 359 Pa. 129, 58 A. 2d 170; *Malitovsky v. Harshaw Chemical Company et al.*, 360 Pa. 279, 61 A. 2d 846. When a pedestrian crosses a street, this Court has held that he "must not only look before he enters but must continue to look as he proceeds and that he will not be heard to say that he looked without seeing what was approaching and plainly visible": *Guy v. Lane et al.*, 345 Pa. 40, 43, 26 A. 2d 327, and cases therein cited. See also: *Miller v. Gault et al.*, 345 Pa. 474, 29 A. 2d 71; *Pessolano et ux. v. Philadelphia Transportation Co.*, 349 Pa. 73, 36 A. 2d 497; *Rucheski v. Wisswesser et al.*, 355 Pa. 400, 50 A. 2d 291. It is also well established that " 'At street crossings drivers must be highly vigilant and maintain such control that they can stop their cars on the shortest possible notice. It is the highest duty of motorists. The pedestrian has the right of way' ": *Smith v. Wistar*, 327 Pa. 419, at p. 422, 194 A. 486, quoting from *Goodall v. Hess*, 315 Pa. 289, 292, 172 A. 693, and cases cited therein. See also: *Altsman v. Kelly et al.*, 336 Pa. 481, 9 A. 2d 423; *Grimes et al. v. Yellow Cab Co. et al.*, 344 Pa. 298, 25 A. 2d 294; *Fidelity-Philadelphia Trust Company, Executor, v. Staats et al.*, 358 Pa. 344, 57 A. 2d 830. Mr. Justice HORACE STERN, in speaking for the Court in *Fidelity-Philadelphia Trust Company, Executor, v. Staats et al.*, supra, at p. 347, said: "that it is the presence of an intersection rather than the precise position of someone within it that determines the care required of an approaching driver (Atkinson v. Coskey, 354 Pa. 297, 302, 303, 47 A. 2d 156, 160)."

The court below, in analyzing the present evidence, said p. 25a: "It appears therefore that the plaintiff walked about seventeen feet [after stopping at the car-tracks] before she was struck. Since a person usually walks about four miles per hour, or six feet per second (Miller v. Gault et al., 345 Pa. 474, 481), she was struck approximately three seconds after she testified she had

looked for the last time. At twenty miles per hour the defendant could have travelled but fifty-seven feet, nine inches during the same interval."

It concluded that the plaintiff was therefore contributorily negligent. With this we do not agree. It is a most significant fact that plaintiff was struck just one step from the north curb. She testified at p. 11a ". . . I put one foot on corner and one foot I have down, and the machine struck me." She had carried the duty imposed upon her when she looked in both directions before and while crossing Haverford Avenue. Since she had reached the other side of the street before being struck, the circumstances are not so clear that we can say *as matter of law* that she was guilty of contributory negligence. The defendant was charged with the duty of remaining highly vigilant at the street crossing. The jury might find that he was negligent under all the circumstances. It might also find that even if plaintiff had, or ought to have, seen defendant's car in the distance, before or while crossing, she might have supposed that it was safe for her to cross, especially since plaintiff was only one step away from the curb when struck. This Court said in *Harrington v. Pugarelli*, 344 Pa. 204, at p. 207, 25 A. 2d 149, in quoting from *Johnson v. French*, 291 Pa. 437, 438, 140 A. 133: "To hold otherwise . . . would 'be tantamount to saying that pedestrians cross the street at appointed crossings at their peril if automobiles are in view', and would, in practical effect, be an abrogation of their right to cross busy streets at all. In these situations, whether the pedestrian should have looked again or was warranted in assuming that he could cross in safety depends upon shifting conditions, and presents, therefore, a question of fact rather than of law"; citing *Mackin v. Patterson*, 270 Pa. 107, 110, 112 A. 738 and *McKenzie v. Campbell*, 84 Pa. Superior Ct. 112, 114.

The court below stated that the usual person walks about six feet per second citing *Miller v. Gault et al.*,

supra, p. 481. Applying this formula it concludes that plaintiff was struck three seconds after she last looked. The inference is that she must have stepped in front of defendant's approaching car. But the record in *Miller v. Gault et al.*, supra, discloses that the plaintiff there was a woman of forty-five years whereas the plaintiff in this case was sixty-six years old. The *jury* and not the judge should decide whether a woman sixty-six years old, under the circumstances, would walk at the rate of six feet per second.

In all of the cases relied upon by appellee it will be noted that plaintiffs walked but a few feet when struck by the automobile, and the inference therefore was that plaintiffs in each case stepped in front of an oncoming vehicle. Under such circumstances "it was vain to say one looked but did not see what was obvious." Appellee places great reliance upon *Guy v. Lane et al.*, supra. In that case plaintiff was found only one step from the far curb. This Court affirmed the granting of defendant's motion for judgment n. o. v. on the ground that under the circumstances in that case plaintiff was guilty of contributory negligence as matter of law. Mr. Justice LINN, writing for the majority, said at p. 43: "This car was in the northernmost traffic lane of the Avenue; that he [plaintiff] fell from it about one step from the curb when the car stopped, is explained by the fact that he was *carried* there" (emphasis supplied).

It is clear from this statement that plaintiff was not *struck* one step from the curb, but rather was *carried* there by defendant's car, probably on the bumper [see p. 42]. Under the other circumstances in that case the court concluded that plaintiff, if he had looked, must have seen the proximity of defendant's approaching automobile.

In the facts of the present case, whether defendant exercised due care or whether plaintiff was contributorily negligent were for the jury.

Judgment reversed with a *procedendo*.