## SAMS v. UNITED STATES.
### No. 3180.

United States District Court
M. D. Pennsylvania.
May 3, 1950.

---

1. See 4 Collier on Bankruptcy 2218.

2. For a discussion of the function of the review court, see 2 Collier op. cit. 1496 et seq.

Solomon Hurwitz, Irwin Benjamin, Macey E. Klein, all of Harrisburg, Pa., for plaintiff.

Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for defendant.

MURPHY, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C.A. § 931(a), (New Sections 1346(b), 1402(b), seeking damages for personal injuries to the plaintiff sustained in an accident which occurred about 2:30 P.M., March 11, 1948, at the intersection of Market and Cameron (also known as Eleventh) Streets in the City of Harrisburg in this District. Plaintiff, a forty-four year old male, a resident of Harrisburg, bases his claim upon the alleged negligence of a United States Army employee while driving an Army Staff Car (a Plymouth Sedan) delivering Army mail in the course of his official duties. The case was tried to the court without a jury.

From a study of the record and consideration of the arguments of counsel, it is in our judgment unnecessary to consider whether or not the evidence is sufficient to sustain a finding of negligence in the operation of the car since we are of the opinion, and we so find, that there can be no recovery because of plaintiff's negligence in contributing to the accident. For that reason we do not herein discuss or make findings as to plaintiff's alleged injuries and damages.

From the credible evidence we find the following facts:

At the time and place in question driving and walking conditions were difficult. It was raining and freezing; there was ice and sleet on the streets. Cameron Street, running north and south, intersects at right angles Market Street which runs east and west. Traffic at this intersection was controlled by a traffic light. Just before the accident, plaintiff was on the northwest corner of the intersection, intending to walk across Market Street on the crosswalk to the southwest corner, a distance of 46 feet. At the same time defendant's car was stopped on the southeast side of Cameron Street facing north, preparatory to making a left turn west into Market Street.

When the light turned green in favor of north and south traffic on Cameron Street, defendant's car moved into the left hand lane of its side of the street, drove north to the center of the intersection and made a turn to the left, stopped and waited for a car moving south on the westerly side of Cameron Street to pass, then started out and proceeded at 5 miles an hour speed to complete the left turn into West Market Street. The car had arrived at a point where it was in the left lane on the northerly half of Market Street and parallel to the curb line thereof, when plaintiff walked into the side of the right front fender of defendant's car.

At the time of walking into defendant's car, plaintiff was looking to his right—westerly on Market Street. At that time the red light was against traffic coming from that direction and the nearest car was 150 feet away to the west. For some distance plaintiff did not look to his left, the greatest source of possible danger and the only source from which legal traffic might at that time flow so as to endanger the plaintiff.

A policeman standing at the intersection saw the plaintiff in the act of crossing; the Army vehicle approaching; and realizing that the plaintiff did not see the car coming called "Look out" immediately before the plaintiff came into contact with the government vehicle.

When defendant's car came to a stop, plaintiff was standing facing the side of the right front fender with his arms extended in the air over the hood. Thereafter he dropped to his knee alongside the car. He then told Staff Sergeant Padwe, who had been riding in the Army car seated alongside the driver and who immediately stepped out of the car to assist the plaintiff, that he was hurrying to get across the intersection so as to avoid traffic.

Plaintiff failed to exercise the degree of watchfulness required of pedestrians for their own safety.

Had plaintiff used reasonable care for his own safety under the circumstances, the accident would not have occurred.

### As to the law.

A pedestrian crossing an intersection with a green traffic light in his favor, does not have an absolute right of way for the full distance of the crossing. He must continually be on guard for his safety. Schroeder v. Pittsburgh Rys. Co., 311 Pa.

398, 165 A. 733. See Galliano v. East Penn Electric Co., 303 Pa. 498, at page 502, 154 A. 805. He must not only look before he enters but must continue to look as he proceeds and he will not be heard to say that he looked without seeing what was approaching and plainly visible. Guy v. Lane, 345 Pa. 40, 43, 26 A.2d 327; Martino v. Adourian, 360 Pa. 580, at page 583, 63 A.2d 12.

As to the possibility of cars moving east on Market Street, plaintiff would be justified in assuming they would not disregard the red traffic light. Newman et ux. v. Protective Motor Service Co., 298 Pa. 509, 512, 148 A. 711. He states that he chose, however, to concentrate on the possibility of danger of cars skidding from that area to the exclusion of any possibility of danger to his left; a direction from which traffic could at that time, and actually did, legally flow, ibid., and see 75 P.S. §§ 546(b) [1], 572(c).[2]

As to the duty of the plaintiff and the defendant respectively under the circumstances, see Rhoads et ux. v. Herbert, 298 Pa. 522, at page 525, 148 A. 693, and cf. Rosenthal v. Philadelphia Phonograph Co., 274 Pa. 236, 238, 117 A. 790; Jacobson v. Palma, 115 Pa.Super. 401, at page 406, 175 A. 731.

Under the facts of this case the plaintiff's failure to look to his left and observe traffic approaching from that direction as he crossed the intersection, and, as a result walking into the side of defendant's car, constitutes contributory negligence. Consequently our verdict must be in favor of the defendant.

Under all the evidence judgment must therefore be entered in favor of the defendant.

An order to that effect will be filed this date.

---

1. "The driver of a vehicle intending to turn to the left shall approach such intersection in the lane for traffic to the right of and nearest to the center line of the highway, and, in turning, shall pass to the left of the center of the intersection, keeping as close as shall be practicable to the center of the intersection * * *."

2. "The driver of any vehicle * * * upon a highway within a business or residence district, shall yield the right of way to a pedestrian crossing such highway within a crosswalk, except at intersections where the movement of traffic is being regulated by a peace officer or a traffic signal. * * *"