**Elsie M. BECKER, Administratrix c.t.a. of the Estate of Isador G. Becker, Deceased, Appellant**

v.

**E. W. COX.**

**No. 13573.**

United States Court of Appeals Third Circuit.

Argued Sept. 21, 1961.

Decided Oct. 20, 1961.

Robert J. Spiegel, Philadelphia, Pa., for appellant.

Charles L. Ford, Philadelphia, Pa. (Elston C. Cole, Philadelphia, on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal by the plaintiff from a judgment for the defendant in a personal injury case. The plaintiff was struck by the defendant's truck while he was crossing Market Street at 22nd Street in Philadelphia. He complains of a portion of the judge's charge which in effect told the jury that a pedestrian crossing a street not at a crosswalk has a continuous duty to look for approaching traffic. The problem, of course, is strictly one of Pennsylvania tort law. In the recent case of Shuman v. Nolfi, 1960, 399 Pa. 211, 159 A.2d 716, the Supreme Court of Pennsylvania laid down categorically the rule that " * * * a pedestrian, particularly one crossing between intersections, must not only look before starting to cross the street but must continue to look as he proceeds across. Otherwise, he is guilty of negligence as a matter of law." 399 Pa. at page 214, 159 A.2d at page 718.

As would be expected over a period of thirty-six years, the language of the judges writing opinions on this point has not always been perfectly consistent. Some of the opinions in their language certainly go the full length of this quoted statement. See, e. g., Auel v. White, 1957, 389 Pa. 208, 132 A.2d 350; Pessolano v. Philadelphia Transp. Co., 1944, 349 Pa. 73, 36 A.2d 497; Guy v. Lane, 1942, 345 Pa. 40, 26 A.2d 327; Carnevale v. McCrady-Rodgers Co., 1935, 318 Pa. 369, 178 A. 472 (per curiam). Others tend to indicate that the question is not one to be settled by so strict a rule. See, e. g., Gordon v. Wismer, 1960, 400 Pa. 492, 162 A.2d 194; Martino v. Adourian, 1949, 360 Pa. 580, 63 A.2d 12; Smith v. Wistar, 1937, 327 Pa. 419, 194 A. 486; Robb v. Quaker City Cab Co., 1925, 283 Pa. 454, 129 A. 331. Often there is indicated a differ-

ence between the duty of care when a pedestrian crosses on a crosswalk and when he goes diagonally across the street leaving the established crosswalk. There was no evidence in this case that the plaintiff, after watching approaching traffic until he had almost completed his crossing, then turned away to watch his step as he approached the sidewalk. We think that there was no demonstrable error in the trial judge's charge such as to require reversal.

The judgment of the district court will be affirmed.