Deibold *v.* Sommerville, Appellant.

32

Argued November 10, 1965.   Before ERVIN, P. J.,
WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFF-
MAN, JJ. (FLOOD, J., absent).

*Lee C. McCandless*, with him *McCandless & Mc-Candless*, for appellant.

*William C. Robinson*, with him *Henninger & Robinson*, for appellee.

OPINION BY JACOBS, J., December 16, 1965:

Defendant appeals from a judgment entered in favor of the plaintiff on a verdict of $4,650 after a refusal of his motion for judgment n.o.v.   The sole issue raised on this appeal is whether or not the plaintiff was contributorily negligent as a matter of law.

In considering a request for judgment n.o.v. we are required to examine the testimony in the light most favorable to the verdict-winner, giving him the benefit of every fact and every reasonable inference of fact

arising therefrom and resolving any conflict in the evidence in his favor. *Payne v. Wheeler,* 207 Pa. Superior Ct. 25, 215 A. 2d 316 (1965). Plaintiff is entitled to have the oral evidence supporting the verdict considered and all the rest rejected. *Sorrentino v. Graziano,* 341 Pa. 113, 17 A. 2d 373 (1941).

So viewed, the facts are as follows: Plaintiff, a fifty-nine year old pedestrian, was struck by an automobile driven by the defendant at 10:00 o'clock a.m. on August 20, 1962, a warm, clear day, on East Jefferson Street in the City of Butler. Plaintiff was in a crosswalk going from the north side of East Jefferson Street to the south side. At this point on East Jefferson Street there were three marked lanes for traffic— a northern curb lane for traffic continuing west on East Jefferson Street, a middle lane for westbound traffic intending to make a left-hand turn onto Kittanning Street, which runs into East Jefferson Street at a diagonal from the southeast, and a southern lane for eastbound traffic. A traffic light at the crosswalk controlled traffic coming from the east in the northern and middle lanes. Before plaintiff started to cross the intersection on the crosswalk, he looked at the traffic light and saw that it was red for cars coming from the east. He observed that there was a station wagon stopped at the intersection in the middle lane. He then looked up and down the street for traffic and seeing no moving vehicle, only parked cars in the northern curb lane, he began to cross. The cars he observed were parked from 100 to 175 feet east of the crosswalk and made it necessary for a westbound motorist to use the middle lane at that part of the street. He took at least two steps into the crosswalk and then was struck in the curb lane by defendant's car which was coming downhill from the east. Defendant's car did not stop until it was through the intersection about 125 feet past the crosswalk.

Plaintiff may be declared contributorily negligent as a matter of law only when his negligence is so clearly revealed that there is no room for fair and reasonable disagreement as to its existence. *Caine v. Collins,* 194 Pa. Superior Ct. 230, 166 A. 2d 675 (1960). The facts in this case do not so clearly reveal contributory negligence. This plaintiff started to walk across a street at an intersection in a crosswalk marked for pedestrian travel with a traffic light against the motorist who struck him. Admittedly, a pedestrian crossing a street must look before he enters and continue to look as he proceeds and will not be heard to say that he looked without seeing what was approaching and plainly visible. *Martino v. Adourian,* 360 Pa. 580, 63 A. 2d 12 (1949). However, the driver of an automobile approaching an intersection must be highly vigilant and maintain such control of his car that he can stop on the shortest possible notice. The pedestrian has the right of way and it is the presence of the intersection rather than the position of the pedestrian which determines the care required of the driver. *Martino v. Adourian,* supra. Even though a pedestrian with a traffic signal in his favor may not heedlessly step into the path of a vehicle where he has, under those circumstances, committed himself to the crossing, he is justified in relying upon the assumption that motor vehicles, warned by the traffic signal against them, will not disregard it and run him down. *Harrington v. Pugarelli,* 344 Pa. 204, 25 A. 2d 149 (1942).

In considering these various duties of the motorist and the pedestrian at a controlled intersection, we are of the opinion that the following analysis, first quoted in *Aaron v. Strausser,* 360 Pa. 82, 87, 59 A. 2d 910 (1948), and then in *Smith v. Pittman,* 396 Pa. 296, 300, 152 A. 2d 470 (1959), properly delineates the function of the court and the jury: "Where the injured party fails to look at all, or looks straight ahead with-

out glancing to either side, or is in a position where he cannot see, or, in other words, where he takes no precaution at all for his own safety, it is usually a question for the court. Where he looks but does not see an approaching automobile, or, seeing one, erroneously misjudges its speed or distance, or for some other reason assumes he could avoid injury to himself, the question is usually one for the jury." In this case there was evidence that the plaintiff looked in the direction from which the defendant came, that he had the traffic light in his favor, that he saw a vehicle stopped in the middle lane, that he saw only parked cars in the curb lane, and whether or not he should have seen the defendant when he looked was a jury question. Whether or not plaintiff stepped into defendant's car was also a jury question since there was some evidence that impact occurred at the right front bumper and fender. We cannot invade the province of the jury.

We have read all of the Pennsylvania cases cited by defendant to support judicial conclusions of contributory negligence and find them all distinguishable on their facts. In many of the cases cited the pedestrian was injured between intersections, where he is held to a higher degree of care than one at a crosswalk. *Shuman v. Nolfi*, 399 Pa. 211, 159 A. 2d 716 (1960). In *Dando v. Brobst*, 318 Pa. 325, 177 A. 831 (1935), cited by the defendant, the pedestrian was not struck by the front of the car but her foot was run over by a front wheel and the car stopped before its rear wheel passed over her foot. From this the court reasoned that the car could not have been going fast and must have been so close when the pedestrian stepped from the curb that she must have seen it if she looked. No such inference can be drawn from the facts in this case where the defendant had passed entirely through this wide intersection before he stopped. *Snyder v. Union Paving Company*, 170 Pa. Superior Ct. 112, 84 A. 2d 373

(1951), is plainly inapposite because the pedestrian there admitted he didn't look to see what color the light was and didn't look for traffic.

Defendant filed no motion for a new trial in the court below but now asks us to grant a new trial on our own motion because certain hospital records were improperly admitted into evidence. Suffice it to say that defendant at a pre-trial conference agreed by signed stipulation that the records could be admitted into evidence without objection. He cannot now complain.

Judgment affirmed.