## Bielucki v. HMS Host Corporation

*Michael P. Kelly,* for plaintiffs.

*Andrew L. Salvatore,* for defendant HMS Host Corporation.

*Zarnosh N. Maneckshaw,* for defendant Sunoco Inc.

McGINLEY, *J.,* November 30, 2007—The issue before this court is whether Sheridene Bielucki has asserted all the necessary elements to sustain a slip and fall cause of action against defendants. Defendants HMS Host Corporation a/k/a HMS Host USA Inc. and Sunoco Inc. (R & M) (Sunoco) have filed motions for summary judgment. HMS's initial motion for summary judgment asserted no liability on behalf of HMS because of Sunoco's duty to maintain the property. Sunoco subsequently filed a motion for summary judgment asserting plaintiffs' failure to produce facts essential to their cause of action. HMS joined in Sunoco's motion for summary judgment and it is upon that motion that we base our decision.

## FACTS

On September 23, 2004, at the Allentown Service Plaza of the Pennsylvania Turnpike, Sheridene Bielucki was injured when she tripped and fell while walking on the designated walkway area between the parking lot and the travel plaza buildings. Plaintiffs filed suit against HMS and allege that the cause of Ms. Bielucki's fall was "a failure to provide adequate direction in the form of correct walkway lines." Plaintiffs' complaint, paragraph 6(c). HMS filed a joinder complaint against Sunoco asserting that Sunoco was responsible for maintaining the property where Ms. Bielucki fell.

## STANDARD OF REVIEW

Pursuant to Pennsylvania Rule of Civil Procedure 1035.2, summary judgment is appropriate:

"(1) whenever there is no genuine issue of material fact as to a necessary element of the cause of action or defense which could be established by additional discovery; or

"(2) if after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

A motion for summary judgment may only be entered if the pleadings, depositions, affidavits and all other materials together show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Swartley v. Hoffner,* 734 A.2d 915,

918 (Pa. Super. 1999). In considering a motion for summary judgment, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party when determining if there is a genuine issue of material fact. *Chada v. Chada,* 756 A.2d 39 (Pa. Super. 2000). However, the non-moving party may not rest upon the mere allegations or denials of the pleadings to demonstrate that there is a genuine issue of material fact. Pa.R.C.P. 1035.3(a). Finally, a motion for summary judgment may only be granted in cases where it is free and clear from doubt that the moving party is entitled to judgment as a matter of law. *Ducjai v. Dennis,* 540 Pa. 103, 656 A.2d 102 (1995).

## DISCUSSION

Defendants assert that plaintiffs have failed to set forth facts that the curb where Ms. Bielucki tripped was in any way defective. Plaintiffs respond by arguing that Ms. Bielucki's deposition testimony establishes that she tripped in a manner consistent with hitting the curb as the result of the misdirection of the line painting and the failure to paint the curb itself.

The only fact alleged about Ms. Bielucki's fall in plaintiffs' complaint is, "plaintiff Sheridene Bielucki was outside the store entrance and tripped and fell while walking on the designated walkway area between the parking lot and the travel plaza buildings sustaining the injuries more particularly set forth hereinafter." Plaintiffs' complaint, paragraph 4. The only pictures of the site where Ms. Bielucki fell show that there are no obvious defective conditions relating to either the curb or sidewalk area. (Sunoco's exhibit C.)

In deposition, Ms. Bielucki testified "I stepped on the riser and it threw me off balance and I landed on both my knees." (Deposition Sheridene Bielucki, May 15, 2007, p. 20.) The riser is part of the curbing that slopes down for wheelchair accessibility to the sidewalk leading to the front of the plaza building entrance; the curbing was not painted. (Bielucki, p. 21.) At the time of the fall, Ms. Bielucki was not looking at the curb but was looking at her husband who was walking ahead of her. (Bielucki, pp. 41-42.) Ms. Bielucki testified that her right foot caught the curb and caused her to fall. (Bielucki, p. 41.)

Under Pennsylvania law, "[t]he mere showing of an accident and injury does not prove negligence." *Rogers v. Binkham,* 200 Pa. Super. 312, 315, 188 A.2d 821, 822 (1963). A defendant owes a duty to an invitee (a) to keep the premises in a reasonably safe condition and to warn an invitee of latent defects or dangers which it knows exist or in the exercise of reasonable care should have known. *Polinelli v. Union Supply Co.,* 403 Pa. 547, 170 A.2d 351 (1961). An invitee must present evidence which proves the owner deviated in some way from his duty of reasonable care under existing circumstances. The evidence must show that the owner knew, or in the exercise of reasonable care, should have known, of the existence of the harmful condition, and that the owner helped to create the harmful condition or that the owner had actual or constructive notice of the condition. *Zito v. Merit Outlet Stores,* 436 Pa. Super. 213, 647 A.2d 573 (1994); Restatement (Second) of Torts §343.

Plaintiffs have not provided any factual evidence to support the allegation that the curb or sidewalk where

Ms. Bielucki fell was defective. Plaintiffs assert that the area where Ms. Bielucki fell was defective because of misdirection of the line painting and the failure to paint the curb itself. There is no evidence to support the proposition that Ms. Bielucki fell as a result of being misdirected by line painting. Similarly, there is no evidence to support the claim that Ms. Bielucki fell as a result of an unpainted curb. Her deposition testimony was that she was not looking at the curb at the time of the fall; she was looking at her husband. Ms. Bielucki's fall and any resulting injuries do not in and of itself prove negligence.

## CONCLUSION

Plaintiffs have not produced evidence of a defective condition where Ms. Bielucki fell, which is essential to this premises liability cause of action. Plaintiffs' action cannot stand against either HMS or Sunoco absent such evidence, and accordingly, defendants are entitled to judgment as a matter of law.[1]

## ORDER

And now, November 30, 2007, upon consideration of defendant HMS Host Corporation's motion for summary judgment filed with the clerk of courts—civil division on August 16, 2007, additional defendant Sunoco

---

1. Subsequent to argument held on this matter, defendant HMS provided counsel and chambers paperwork in an effort to establish that Sunoco, not HMS, was responsible for maintaining the area where Ms. Bielucki fell. Because we have determined that plaintiffs have not asserted facts essential to maintain this action, it would be superfluous to determine which defendant, if any, would be liable in this action.

Inc. (R & M)'s motion for summary judgment filed with the clerk of courts—civil division on September 18, 2007 and defendant HMS Host Corporation's motion for summary judgment joining Sunoco's motion for summary judgment filed with the clerk of courts—civil division on October 15, 2007, plaintiffs' responses thereto, and argument thereon, and for the reasons set forth in the accompanying opinion, it is hereby ordered that said motions for summary judgment are granted and judgment is entered in favor of defendant HMS Host Corporation and additional defendant Sunoco Inc. (R & M) as a matter of law. The above-captioned matter is dismissed.