RACHMIEL COHEN vs. THE EASTERN STAGES, INCORPORATED.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 6th, 1932—decided February 7th, 1933.

*George E. Beers* and *Irving G. Smith,* for the appellant (plaintiff).

*Thomas S. Whitman,* with whom was *James W. Carpenter,* for the appellee (defendant).

MALTBIE, C. J.  The plaintiff brought this action to recover damages for injuries alleged to have been caused by the negligence of the defendant.  The trial court found that the defendant was not negligent in any way which proximately caused the plaintiff's injuries and that he was guilty of contributory negligence.  The disposition of this appeal requires consideration only of the latter conclusion.  As bearing upon it the trial court has found the following facts:  The plaintiff became a passenger in a bus of the defendant, which operates buses as a common carrier from New York to New Haven and places further north.  He was carried beyond New Haven and when north of Wallingford discovered this.  He then conversed with the driver of the bus, who stopped it off the concrete roadway on the easterly side and signalled a truck bound toward New Haven, which stopped on the opposite side of the road about one hundred feet southerly of the bus, with all but two feet of it off the concrete.  The bus driver then crossed the road to talk with the driver of the truck.  The plaintiff rose from his seat in the bus, alighted on the side away from the concrete, walked to the back of it on that side and, upon signal from the bus driver, started toward the truck.  At this time an automobile was approaching from the north at a speed of about fifty miles an hour.  Without observing it and without making any reasonable use of his senses to apprise himself of approaching traffic, the plaintiff proceeded diagonally across the road with his back partly to it.  When about the cen-

ter of the concrete he was struck by the automobile. The driver of the bus was unaware of the approach of the automobile. He did not invite the plaintiff into a place of danger, but only signalled him that arrangements had been made to transport him back to New Haven. The driver did not assume to protect the plaintiff while he was crossing the road. The concrete part of the roadway is sixteen feet wide. At this point the road is straight for a half mile to the north and there was nothing to obstruct the plaintiff's view of the approaching automobile. The accident occurred at one o'clock in the afternoon on a clear day.

The plaintiff seeks to strike out certain of these findings, but he has not followed the proper practice to procure corrections in it. His assignments of error seeking them did not refer to any exhibits of testimony annexed nor did he in fact annex any such exhibits but some days after filing the assignments he filed certain extracts from the testimony with the statement that each referred to all or certain of the thirteen assignments, for the most part including among them paragraphs which did not seek corrections in the finding. However, we have examined the testimony and no change can be made in the finding which would be material upon the issue of the plaintiff's contributory negligence. The finding that the driver of the bus did not invite the plaintiff to a place of danger, is to be interpreted as meaning that the latter was not invited to cross the road in the face of known danger.

However negligent the defendant's servant might have been in inviting the plaintiff to cross the road as he did, his act would not absolve the plaintiff from using reasonable care to protect himself from injury. *Hayes* v. *New York, N. H. & H. R. Co.,* 91 Conn. 301, 304, 99 Atl. 694; *Kopacka* v. *New York, N. H. &*

*H. R. Co.,* 88 Conn. 82, 85, 90 Atl. 27. For the plaintiff to proceed across it as he did, in a diagonal direction with his back partly turned to any traffic that might be coming from the north and, though his view was wholly unobstructed, without making any use of his faculties to see whether any automobiles were approaching, certainly affords reasonable support for the conclusion of the trial court that he was not in the exercise of reasonable care, even though the bus driver had in a sense invited him to cross to the truck. The conclusion that the plaintiff was guilty of contributory negligence must stand.

There is no error.

In this opinion the other judges concurred.