## Carnevale, Appellant, *v.* McCrady-Rodgers Company.

Argued April 2, 1935. Before FRAZER, C. J., SIMP-SON, KEPHART, MAXEY, DREW and LINN, JJ.

*H. Fred Mercer,* for appellant.

*R. A. McCrady,* with him *M. H. Hirschfield,* of *Mc-Crady, McClure, Nicklas & Hirschfield,* for appellee.

PER CURIAM, April 29, 1935:
This appeal is from the award of judgment n. o. v. for defendant in plaintiff's suit to recover damages for personal injuries sustained when hit by defendant's truck.

The record in the case abundantly justifies the opinion of the court below, in banc, written by the trial judge, that, whether or not defendant's driver was negligent, plaintiff was clearly guilty of contributory negligence, and defendant's motion for a compulsory nonsuit should have been sustained.

The accident occurred at the northern end of the Point Bridge on Water Street, Pittsburgh. Water Street is there 38 feet wide between curbs, with four traffic lanes—a double trolley track in the center of the street and a roadway on each side. Plaintiff, going from the west to the east side of the street, safely crossed the southbound traffic lanes, reached the dummy between the two car tracks, crossed the northbound track in front of a slowly-moving truck belonging to the Joseph Horne Co., and was more than half way across the remaining roadway, running diagonally toward the curb, when struck by the right front bumper of defendant's truck. Plaintiff says he looked as he came out from in front of the Horne truck but did not see defendant's truck until he was in the middle of the fourth traffic lane, when it was only thirty or forty feet distant, approaching from across the bridge. He does not claim his view was obstructed; and the driver of defendant's truck testified he had a clear view ahead but that plaintiff appeared too suddenly to be avoided.

Appellant lays great stress on the fact that the 18-inch granite butting blocks at the end of the bridge, separating the bridge floor from the street paving, were habitually used as a public crossing. This, however, has no bearing on the case, for the evidence is positive that plaintiff did not attempt to cross at this point, but started at a point ten or more feet from the bridge, where the vehicular traffic could not be expected to anticipate a pedestrian. Moreover, it is undisputed that there was an authorized crossing, supervised by a traffic officer, not more than fifty or sixty feet distant from the point at which the accident happened.

It is a well established rule of law in this State that a pedestrian who fails to look before undertaking a street crossing, and does not continue to look as he proceeds, is chargeable with negligence. Such a duty is particularly incumbent on one who is traversing a street in traffic, as in this case, not at an authorized crossing. Moreover, one cannot be heard to say that he looked and did not see an approaching danger which was plainly visible (Watson v. Lit Bros., 288 Pa. 175, 178; Taylor v. Phila. Rural T. Co., 111 Pa. Superior Ct. 580); where the facts show contributory negligence on the part of a pedestrian, the court is bound to declare it as a matter of law: Goff v. College Hill Boro. et al., 299 Pa. 343, 347.

The judgment of the court below is affirmed.