## Troy, Appellant, *v.* Scranton Transit Company.

Argued May 22, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Gerald G. Dolphin,* for appellants.

*Hugh J. McMenamin,* with him *O'Malley, Harris, Harris & Warren,* for appellee.

OPINION PER CURIAM, June 27, 1951:

The learned court below entered a compulsory nonsuit against plaintiffs in this trespass action to recover for injuries sustained by the wife-plaintiff, Mrs. Troy, when she was struck by an automobile, while crossing the highway, shortly after alighting from one of defendant's buses. From the order refusing to take off the nonsuit, these appeals were taken.

Mrs. Troy was injured while attempting to cross Main Street in Blakely Borough, Lackawanna County at approximately 10:30 on the night of June 11, 1947. She had a few minutes before stepped off one of defendant's buses at a point 100 to 150 feet beyond the usual bus stop. Immediately after the bus passed her, Mrs. Troy started running across the two-lane highway and was struck by an automobile after she had crossed the middle of the road.

It is plaintiffs' contention that defendant's driver was negligent in permitting Mrs. Troy to alight from the bus at a place other than the usual bus stop and that this negligence was a substantial factor in causing the injuries she incurred. There is nothing in the record, however, to show that the driver was in any way negligent in allowing Mrs. Troy to get off the bus where she did or that it was not a safe place for her to alight. On the other hand, the evidence clearly shows that Mrs. Troy left a place of safety on the side of the road and

attempted to run across the road in the face of oncoming traffic.

On the record there is no other conclusion that can be reached except that defendant was not negligent and that the accident was caused solely by the negligence of the wife-plaintiff. The learned court below was therefore correct in entering the order of nonsuit on defendant's motion.

Order affirmed.