## Poulos, Appellant, *v.* Cassara.

218

Argued October 11, 1955. Before STERN, C. J., STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Edward A. Damrau*, with him *T. Robert Brennan*, and *Brennan, Brennan, Damrau & Mohan*, for appellant.

*Joseph F. Weis*, with him *Bliss R. Mentzer*, and *Weis & Weis*, for appellee.

OPINION PER CURIAM, November 17, 1955:
The action of the court below in refusing the plaintiff a new trial and entering judgment on the verdict for the defendant is affirmed upon the following excerpts from its opinion:

"The instant case arose out of an accident which occurred at the intersection of Liberty Avenue and Ninth Street in the City of Pittsburgh, Pennsylvania, on May 4, 1954.

"The plaintiff testified he was standing on the north side of Liberty Avenue, at the intersection of Ninth Street and when the traffic light turned green, he looked both ways, and began to cross the street.

"According to his testimony, just before he arrived at the dummy in the center of the street, he looked to his left and saw the defendant's car coming at a fast rate of speed. He said he tried to get out of the way of defendant's automobile but was hit after taking two steps.

"The defendant testified he was travelling west on Liberty Avenue, behind a street car which was fifteen feet ahead of his automobile. He said as the street car continued through the intersection at Liberty Avenue and Ninth Street, he looked up and saw the light was green, and he continued through the intersection. He said the plaintiff suddenly ran in front of him from his right and was struck by the left front fender of his car. His testimony revealed he was only five or ten feet away from the plaintiff when the plaintiff stepped in front of him. Defendant testified he immediately applied his brakes but was unable to stop his car in that short distance.

"Counsel for the plaintiff argues that the Court charged the jury to the effect that a pedestrian has the same duty as a driver of an automobile in crossing an intersection controlled by a traffic light, which was error.

"A reading of the entire charge reveals that this assertion is not correct.

"Relative to the motorists duty in approaching and entering an intersection, the Court had this to say: 'Now, the driver of an automobile on our streets has certain duties towards drivers of other automobiles; he has a certain duty toward a pedestrian. A driver who approaches an intersection has the duty to observe what is ahead, with his automobile under complete control so that he can stop on the slightest possible notice. He must not only be keenly observing what is ahead as he approaches, but he also must look, and keep on

looking, as he goes through an intersection. A driver must not go through an intersection blindly.'

"This was practically the same language used in the case of *Newman et ux. v. Protective M. S. Company*, 298 Pa. 509, and in the case of *Campbell v. Balis*, 380 Pa. 245, which counsel for plaintiff sets forth in his brief in defining a motorist's duty in approaching an intersection.

"The Court then charged, relative to the respective rights of pedestrians and drivers of motor vehicles at crossings controlled by red lights, as follows: 'Now, we have an electric light system on most of our street corners downtown in the City of Pittsburgh. We have the red light and the green light and the yellow light, and you are all familiar with those lights. Now, the electric light system in this State at intersections gives only a permissive license to cross an intersection; it is not an absolute right of way. Even though a driver or a pedestrian has a light, that is a green light, in his favor, he must be vigilant and it is his duty to keep on looking as he crosses the street. A pedestrian, or if it is a driver of an automobile, as he drives along the street, it is his duty to keep on looking as he crosses an intersection, or goes through an intersection, even though he does have a green light in his favor. He has no authority to even cross on a green light blindly. He must look, keep on looking, as he crosses. So in this case even if the plaintiff had the right of way in his favor, if he proceeded blindly across Liberty Avenue without looking before he stepped out onto the street, and even if he did look before he stepped out onto the street and he didn't look as he crossed the street and he was struck by an automobile, he would be guilty of contributory negligence.'

"Counsel for plaintiff seems to argue that the Court erred in charging the jury that a green light is only

a permissive right of way and a pedestrian must not cross at an intersection blindly but must look and continue to look as he crosses the street. In support of his argument, he cites the case of *Newman et ux. v. Protective M. S. Company,* supra.

"In that case, the lower court granted the defendant a nonsuit because the plaintiffs, who were crossing on a green light, did not look to their right as they crossed the street.

"In reversing the lower court, the Supreme Court of Pennsylvania held that a pedestrian crossing on a green light cannot be convicted of contributory negligence as a matter of law because after embarking on the crossing he does not look to his right in the direction in which a vehicle is approaching. The theory being that when the signal at the crossing is in favor of the pedestrian, the pedestrian can assume that an approaching vehicle with the light against it will stop.

"There is nothing in the *Newman* case, supra, that would even remotely suggest that a pedestrian crossing on a green light can blindly proceed without looking and be entirely oblivious as to what is going on around him. The case merely states that a person cannot be charged with contributory negligence as a matter of law and be nonsuited because he did not look for approaching traffic at a particular place as he crossed the street.

"The charge of the court must be viewed in the light of the facts developed at the trial.

"The defendant testified at the time of the accident it was raining and that the plaintiff was running across the street with a newspaper over his head.

"Under these circumstances, was it error for the Court to say to the jury that a pedestrian cannot cross the street blindly and it is his duty to look as he crosses?

"Certainly, if the jury found that the plaintiff was running in this fashion, with a newspaper over his head, and he could not see to his right or to his left, but could only see the pavement on which he was treading, as he crossed the street and stepped in front of a car, even though the car was proceeding through a red light, it could hardly be argued that a jury would not be justified in finding him guilty of contributory negligence.

"The case of *Campbell v. Balis*, 380 Pa. 245, also cited by the plaintiff, held that where a pedestrian committed himself to a crossing, having used due care up to that point, and with the traffic light in his favor, the question of whether he was guilty of contributory negligence in assuming that automobilists would obey the traffic laws and in not continuing to watch for the possibility of a vehicle coming through a red light, was a question for the jury.

"It is interesting to note that the Court, in the *Campbell* case, supra, cited the case of *Lorah v. Rinehart*, 243 Pa. 231, for the proposition that a pedestrian must exercise continued vigilance as he crosses the street. The court then stated: 'But just where he should look depends upon shifting conditions and is a question of fact rather than law.'

"That is precisely what the Court did in the instant case. The Court charged the jury it is the duty of a pedestrian not to cross a street blindly but has a duty to look as he crosses, and then left it up to the jury to decide whether plaintiff used due care in crossing the street.

"All the cases cited by plaintiff's counsel hold that if a pedestrian crosses the street with a traffic light in his favor, it is a question for the jury to determine whether the defendant's failure to look at any particular place in the crossing makes him guilty of contribu-

tory negligence. That is exactly what was done in the instant case.

"If we were to accept the plaintiff's theory of a pedestrian's duty at a crossing controlled by lights, the jury would necessarily have to be charged that if a plaintiff has a crossing light in his favor, a pedestrian, as a matter of law, has the right to rely entirely on the light and may blindly cross the street entirely oblivious as to what is going on around him, and particularly, approaching traffic. Certainly, this is not the law, and none of the cases cited by plaintiff's counsel go that far in throwing a cloak of protection around a pedestrian at a crossing.

"There were only two witnesses called to testify as to the happening of the accident, one was the plaintiff and the other was the defendant.

"If the jury accepted the plaintiff's version of the accident, then it would have been fully justified in finding a verdict for the plaintiff."

Judgment affirmed.

Mr. Justice MUSMANNO dissents.