Evelyn H. TOLLISEN, Plaintiff-
Appellant,

v.

LEHIGH VALLEY TRANSPORTATION
COMPANY, Defendant.

No. 11804.

United States Court of Appeals
Third Circuit.

Argued March 23, 1956.

Decided May 24, 1956.

Laurence H. Eldredge, Norris, Lex, Hart & Eldredge, Philadelphia, for appellant.

Thomas E. Comber, Jr., Perry S. Bechtle, Philadelphia, Pa., Pepper, Bodine, Frick, Scheetz, & Hamilton, Philadelphia, Pa., of counsel, for appellee.

Before MARIS, McLAUGHLIN and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this personal injury case, appellant had been a passenger in a suburban Philadelphia bus, on a rainy summer afternoon. During the trip the bus driver, as an accommodation, stopped his vehicle as near as possible to his passengers' destinations regardless of street intersections. Immediately prior to the accident the bus was proceeding west on Bannockburn Avenue. The driver stopped it opposite appellant's house about 198 feet in from Bethlehem Pike, the nearest intersection. Appellant alighted, turned and looked at the bus driver. He glanced up into his rear view mirror, said to her, "It is all clear" and gestured with his right hand from right to left, waving her across the front of the bus. Ap-

pellant, prior to moving, looked to her left. She observed no westbound traffic but her view to her front left was substantially impeded by the bus. She looked to her right and saw nothing coming from the west. She then moved in front of the bus "at a trot" across the open highway and without making any other observation to her left proceeded at the same gait into the path of a westbound truck which struck her.

One of the interrogatories given the jury by the court read "Was Evelyn H. Tollisen negligent and, if so, did her negligence contribute to the injuries?" Referring to that question the court charged as follows:

"If you find that the bus driver conveyed to the plaintiff, by word or motion, that the way across the street was clear, you may consider this as a factor in determining whether plaintiff performed her continuing duty to use due care in crossing the street. But she was required by law to look to the right and to the left from a point where she could see possible oncoming traffic before crossing the street, and she could not delegate this responsibility to anyone else.

"If you find that she failed to look to the left from a point where she could see possible traffic coming from the left, such as this truck, and this failure contributed to the injury, then you must answer this question 'Yes.'"

Appellant contends that the instruction was erroneous in law as it in effect directed a verdict against the plaintiff for contributory negligence in the event the jury found she had failed to make an effective observation to her left and that this had contributed to her injury. It is urged that the question of contributory negligence should have been generally left to the jury to be determined by considering whether plaintiff acted reasonably in all the particular circumstances.

The action is in the federal court by reason of diversity of citizenship. Therefore on this substantive question Pennsylvania law governs. It is well settled in that state that ordinarily a pedestrian has the duty to look before undertaking a street crossing and to continue to look as he goes forward. He cannot validly say that he looked and did not see a plainly visible approaching danger. Carnevale v. McCrady-Rodgers Co., 1935, 318 Pa. 369, 371, 178 A. 472; Steidel v. O'Donnell et al., 3 Cir., March 29, 1956, 231 F.2d 216. With the exception of the bus driver's signal, the situation in Letts v. Cole, 1933, 310 Pa. 509, 510, 165 A. 847, is strikingly similar to the one before us. There, the plaintiff alighted from a northbound bus, crossed in front of the bus "and was hit while crossing the car track, located in the middle of the 30-foot cartway, by defendant's car traveling in the same direction as the bus * * *." She looked toward the south before stepping from the sidewalk, "saw no traffic approaching, and did not again look in that direction before entering on the street car track * * * and had almost cleared the track when struck by defendant's car." The Pennsylvania Supreme Court affirmed the compulsory nonsuit entered in the trial court on the ground of contributory negligence as a matter of law for plaintiff's failure to look for approaching vehicles after passing in front of the bus and before going out into the highway proper.

The particular spot where appellant was discharged from the bus was admittedly a safe place to stand. In those circumstances ordinarily there was no further duty owed her as a passenger. Harris v. De Felice, 1954, 379 Pa. 469, 109 A.2d 174. The rule as stated in the leading Pennsylvania opinion on the subject, O'Malley v. Laurel Line Bus Co., 1933, 311 Pa. 251, 254, 166 A. 868, 869, is that the company " 'owes to its passengers the highest degree of care and diligence in carrying them to their destination and (in) enabling them to alight safely' * * * and to avoid any possible danger while doing so". In Troy v. Scranton Transit Co., 1951, 368

Pa. 361, 362, 81 A.2d 547, the bus stopped as here, one hundred feet or more beyond its usual stop. Plaintiff suggested that this was itself evidence of negligence. The court, in rejecting the theory, said "There is nothing in the record * * * to show that the driver was in any way negligent in allowing Mrs. Troy to get off the bus where she did or that it was not a safe place for her to alight. On the other hand, the evidence clearly shows that Mrs. Troy left a place of safety on the side of the road and attempted to run across the road in the face of oncoming traffic." A judgment of nonsuit was there affirmed.

Clearly the trial court's instruction was proper unless appellant's conduct was excused by the behavior of the driver in motioning her to cross. In Charlton v. Baltimore & O. R. Co., 1916, 252 Pa. 107, 97 A. 126, a plaintiff, making no investigation himself and blindly relying on the suggestion of a person conceded to have been a brakeman, started climbing over standing cars at a permissive railroad crossing and was injured when they moved. The court held, 252 Pa. at page 111, 97 A. at page 128: "Conceding that the plaintiff was directed by the brakeman to cross over the cars, will that relieve him from the charge of negligence? We do not think so, on the ground that the plaintiff was bound to exercise due care, and cannot rely on the invitation of the brakeman, where to do so was clearly hazardous". And see Gade v. Carlson, 1951, 154 Neb. 710, 48 N.W.2d 727; Cohen v. Eastern Stages, Inc., 1933, 116 Conn. 210, 164 A. 383; Sanchez v. Pacific Auto Stages, 1931, 116 Cal.App. 392, 2 P.2d 845.

■■ Appellant cites cases which she contends are contrary to the trial court's charge that appellant, under the facts, "was required by law to look to the right and to the left from a point where she could see possible oncoming traffic before crossing the street, and she could not delegate this responsibility to anyone else." [1] Those decisions are readily distinguishable. None of them absolves a person crossing a highway from the necessity of exercising due care. None of them stands for the proposition that such obligation is fulfilled when, as here, a pedestrian in rainy weather crosses a street, not at an intersection, by trotting out from the front of a bus into a traffic lane without first making an observation to her left prior to leaving the protection of the bus. Nor can a motorist or pedestrian rely solely upon a traffic signal in crossing a street. The principle of due care still requires that, as in the absence of traffic control, effective observation be made. Schweitzer v. Scranton Bus Co., 1942, 344 Pa. 249, 25 A.2d 156; Dando v. Brobst, 1935, 318 Pa. 325, 177 A. 831; Byrne v. Schultz, 1932, 306 Pa. 427, 160 A. 125. Appellant attempts to distinguish these opinions but in the case cited by her the plaintiff did not rely completely on the traffic light. He had looked and observed the stopped trolley car prior to proceeding across the intersec-

1. In Haney v. Pittsburgh, A. & M. Traction Co., 1893, 159 Pa. 395, 28 A. 235, plaintiff himself, prior to crossing, saw the trolley car approaching "apparently at its usual rate of speed, and a considerable distance off." The court, in Young v. Philadelphia Rapid Transit Co., 1915, 248 Pa. 174, 177, 93 A. 950, 952, found that plaintiff had not placed his fate in the hands of the person who signalled him to cross "depending exclusively on the latter's care." In King v. Pittsburgh, etc., Ry. Co., 1914, 242 Pa. 497, 89 A. 577, plaintiff stopped, looked and listened for a car within a few feet of the railway track where he had opportunity for effective observation and following that actually made an observation after he had been signalled to cross. Plaintiff in McEvoy v. Quaker City Cab Co., 1919, 264 Pa. 418, 107 A. 777, sued the taxicab which had struck him and which had passed too close and too fast to a standing trolley car which plaintiff was about to enter after he had crossed the street. In Goldschmidt v. Schumann, 1931, 304 Pa. 172, 155 A. 297, husband and wife about to cross street. Husband made effective observation and saw automobile 245 feet away and under circumstances not negligent as matter of law. Court held wife, who did not look, would have seen only what husband saw.

tion. Cinquina v. Philadelphia Transportation Co., 1949, 362 Pa. 546, 67 A.2d 109. Where all the material facts and reasonable inferences to be drawn from them clearly demonstrate contributory negligence that question becomes one of law for the court. Appellant's claim has been carefully and thoroughly presented but under the facts and the controlling law we must conclude that the district judge was fully justified in his above quoted instruction.

The judgment of the district court will be affirmed.