NANCE ET VIR *v.* KALKMAN

[No. 58, September Term, 1960.]

*Decided December 9, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT and HORNEY, JJ.

*James O. Scrimger,* with whom was *Morris Mazelis* on the
brief, for appellants.

*Kenneth C. Proctor,* with whom were *Proctor, Royston &*
*Mueller* on the brief, for appellees.

PRESCOTT, J., delivered the opinion of the Court.

A husband and wife, a domestic employee, appeal from an
adverse jury verdict rendered in the Circuit Court for Balti-

more County, in a suit instituted to recover damages for the loss of consortium, medical and hospital expenses, and personal injuries to the wife, resulting from the alleged negligence of the defendant in the operation of an automobile at, or near, the intersection of Springlake Way and Belvedere Avenue in the City of Baltimore.

There are two questions presented in the appeal: (1), Did the court err in refusing to grant appellee's demurrer prayers, thereby permitting the case to go to the jury; and (2), Did the trial court err in its instructions to the jury?

Springlake Way is a four-lane highway, and at its intersection with Belvedere Avenue it runs in a generally north-south direction, and Belvedere Avenue runs in a generally east-west course. The intersection does not form an exact right-angle; as Springlake Way has a gentle curve at this point. At the time of the accident, at about 6:00 P.M. on December 12, 1957, it was not controlled by either traffic lights nor officers of the law.

The plaintiff testified that her employer, a Mrs. Adolph, had carried the plaintiff in Mrs. Adolph's automobile south on Springlake Way to its intersection with Belvedere Avenue, where Mrs. Adolph stopped, in order that the plaintiff might alight and board a bus at the northeast corner of Belvedere Avenue. She got out of Mrs. Adolph's car and proceeded to cross Springlake Way in an easterly direction in the pedestrian crosswalk. She was "right in the pedestrian lane," and was "all the way across Springlake Way," with her right foot on the curb, when she was hit "right in my side by this car." She went up in the air and came down on the hood of the car, and was carried some distance. She rolled off the hood, and the right wheel ran over her leg. She "didn't see the car when it struck me, but he struck me in the side," and she "never saw the car that hit me." She also stated that she did not know where she was lying in the street after the accident.

Mrs. Adolph confirmed plaintiff's statement that she had let the plaintiff out of her car at the place stated by the plaintiff; but Mrs. Adolph did not know whether the plaintiff proceeded across the street in the crosswalk or not, and she did not see the plaintiff when she was struck.

Officer William Booz testified that he took a statement from the appellee in which the appellee said, *inter alia,* that he was proceeding east on Belvedere Avenue and made a left turn to go north on Springlake Way, and while he was in the process of making the left turn, a woman got out of a car, which was headed south and had stopped at the intersection, and ran behind the car and "ran east across Springlake Way * * * on an angle." He applied his brakes, but was unable to stop in time to avoid hitting her. After taking the statement, the officer and the appellee went to the scene of the collision, and the appellee pointed out a place some 50 feet north of the north curb of Belvedere Avenue and 24 feet east of the west curb of Springlake Way, as being the "point of impact." He also pointed out to the officer two skid marks, which started 42 feet north of the north curb of Belvedere Avenue and nine feet west of the east curb of Springlake Way, and went north for five feet. This sums up the plaintiffs' case.

It will be unnecessary to set forth in detail or at great length the evidence adduced by the defendant. It was stipulated that no "traffic violations" were involved in the case. The defendant testified he was proceeding east on Belvedere Avenue at about 25 to 30 miles, per hour, and slackened his speed as he approached Springlake Way, as he intended to make a left turn north on that street. He noticed a station wagon (apparently Mrs. Adolph's) headed south on Springlake Way with a left-turn blinker on. As he went around the front of this station wagon, making his left turn, he had "just about completed the left turn"—it being a "gradual swing," as it was not a ninety degree intersection—when one of the boys riding with him "hollered look out!" The warning came too late. He applied his brakes as soon as possible, but, as the plaintiff was no more than three feet from the hood of his car when he first saw her, the left center of the front of the car struck her. She "rode up onto the hood slightly," and then fell off to the right side. At the point of impact, his car had completely cleared the crosswalk by at least two or three feet.

Three other witnesses produced by the appellee testified that the collision occurred north of the crosswalk; and one of

them stated that Mrs. Adolph had stopped her car north of the intersection when she let the appellant out.

The appellant is a negress, and she was dressed in dark clothes.

## I

The first question may be answered without undue elaboration. It is apparent that the appellant's testimony that she was proceeding in an ordinary and usual manner in the crosswalk, at an intersection not controlled by traffic-control devices nor traffic officers, when she was struck by the motor vehicle operated by the appellee, was sufficient to take the case to the jury. Code (1957), Article 66½, Section 236 (a); *Cogswell v. Frazier,* 183 Md. 654, 658, 39 A. 815; *Heffner v. Admiral Taxi Service,* 196 Md. 465, 77 A. 2d 127; *Suman v. Hoffman,* 221 Md. 302, 306, 157 A. 2d 276.

## II

At the close of the taking of testimony below, the court rejected all requests for instructions and charged the jury orally. During the course of his charge, he instructed the jury as follows:

"It seems to the court that the issue of fact is a relatively simple one and that if you find as a fact that the plaintiff in this case was injured while in the course of crossing Springlake Way at a point within the bounds of the pedestrian crosswalk, then such a finding would accomplish a finding of two things. First, that the operator of the automobile was negligent in failing to yield the right-of-way to the pedestrian and second, that the pedestrian was not guilty of contributory negligence in the passage across the roadway. *Similarly, if you find that as a fact that the impact occurred at a place beyond the pedestrian walkway, or crossway, then it is equally fundamental, it seems to the court, on such a finding that there is no evidence of negligence by the operator of the vehicle because he had the right to assume that a pedestrian would yield the right-of-way and similarly such a finding of fact that the accident or impact oc-*

*curred beyond the crosswalk, would visit upon the plaintiff a finding of guilty of contributory negligence."* [1]

The portion of the court's charge which is italicized above is the only part thereof quoted in the appellants' brief; and they contend that it constituted reversible error for the court so to instruct the jury. It may be readily conceded that, when taken out of context and not considered with the remainder of the charge as a whole, or the plaintiffs' own testimony, it would contravene the rule to which this Court has consistently adhered with reference to the legal effect to be given the fact that a pedestrian has been struck by a motor vehicle while crossing a street between street crossings. We have repeatedly held that, while acknowledging the provisions of said Section 236 (a) that between street crossings in towns and cities vehicles shall have the right of way over pedestrians, the fact that a pedestrian is crossing a street between street crossings is a fact to be considered on the question of the pedestrian's negligence, but such fact, standing alone, is insufficient to establish that the pedestrian is *prima facie* guilty of negligence. And contributory negligence on the part of the pedestrian, being relative in nature and not absolute, necessarily depends upon the particular circumstances of each case. *Boyd v. Simpler,* 222 Md. 126, 131 (and the long line of Maryland cases there cited), 158 A. 2d 666.

But the court's charge must be considered as a whole, and in the light of the testimony that had been produced by the parties. Before giving the instruction that has been quoted above, the court, after certain preliminary observations, told the jury the statutory law affords the right of way to pedestrians at street crossings not controlled by traffic-control devices or traffic officers, and, likewise, grants the right of way to vehicles between street crossings in towns and cities, and then said: "Now, what does that statutory provision mean *as applied to this case."* (Emphasis added.) He then went on to

---

1. We limit our ruling in this case insofar as it relates to primary negligence (or the lack thereof) on the part of the appellee strictly to the facts and circumstances of this case.

explain that if the jury determined that the injured woman was in the crosswalk proceeding from the west side of Spring-lake Way to the east side, then it was the "imperative" duty of the operator of the motor vehicle to yield her the right of way. On the other hand, if the jury found from the evidence that the injured plaintiff was not in the crosswalk when struck, the statute would mean that the automobile would have had the right of way, and it was the pedestrian's "imperative" duty to guard herself against the passage of the automobile. Here followed the quoted portion of the court's instructions. He then informed the jury that if they determined that the impact took place within the crosswalk, their verdict should be for the injured plaintiff (the court later dealt with the husband's lost consortium and medical expenses paid by him), but, if they decided the collision took place without the crosswalk, then "it would seem clear that there is in this case contributory negligence * * *."

In brief, the court instructed the jury that, under the circumstances of this case, if the jury determined that the pedestrian was in the crosswalk when she was struck, their verdict should be for the plaintiffs; on the other hand, if the jury decided she was crossing the street between street crossings when struck, then she was guilty of contributory negligence as a matter of law. Under the circumstances of this case, we agree. There was a stipulation that "no traffic violations" were involved, and the injured woman, herself, had testified that she *"never saw the car that hit me,"* and she was all the way across the street with her foot on the right curb. These circumstances justified the court in instructing the jury that if the collision took place between street crossings, the injured plaintiff was guilty of contributory negligence as a matter of law; as her own admission showed that, if she were not in the crosswalk, she *was not using the care and caution that the law requires of a pedestrian,* crossing between street crossings.

In *Henderson v. Brown,* 214 Md. 463, 468, 135 A. 2d 881, we said:

"A pedestrian who crosses a street between intersections is not negligent *per se,* but he must use the

greatest care for his own protection. While both the pedestrian and the driver have an equal right to use the street, the amount of diligence and care needed on the part of each is shifted from one to the other according to where the accident happens. When a pedestrian crosses between intersections, the law requires him to know that he must accommodate himself to vehicles on the road, that he cannot dispute their right-of-way but must cross only as the traffic affords safe opportunity. These rules give the measure and color of what the pedestrian must do and what the driver can rightfully expect him to do."

Again in *Campbell v. Jenifer,* 222 Md. 106, 112, 159 A. 2d 353, we stated:

"We have repeatedly held as was stated in *Love v. State, Use of Nelson, supra,* at p. 297, that 'a pedestrian crossing a street between intersections is guilty of contributory negligence if he fails to look for approaching motor vehicles, or, if having looked, he fails to see such a vehicle, and so fails to guard against being struck by it.' "

See also *Webb-Pepploe v. Cooper,* 159 Md. 426, 430-432, 151 A. 235; *Love v. State,* 217 Md. 290, 142 A. 2d 590.

Finding no reversible error on the part of the trial court, the judgment will be affirmed.

*Judgment affirmed, with costs.*