ANTHONY R. STENTA, by his guardian *ad litem* Antoinette C. Stenta, ETTORNIO STENTA and ANTOINETTE STENTA, Defendants Below, Appellants, v. PHILIP LEBLANG and JEAN LEBLANG, Plaintiffs Below, Appellees.

(*October* 24, 1962.)

SOUTHERLAND, C. J., and WOLCOTT and TERRY, J. J., sitting.

*John M. Bader* (of Bader and Biggs) for defendants Below, appellants.

*Gerald Z. Berkowitz* (of Wahl, Greenstein and Berkowitz) for plaintiffs below, appellees.

Supreme Court of the State of Delaware, No. 36, 1962.

TERRY, J.:

This is an appeal from the Superior Court denying a motion for summary judgment filed by the defendants in a personal injury action.

The motion was predicated upon the alleged contributory negligence of the plaintiff, Philip Leblang, and was based upon the deposition of the plaintiff, together with certain affidavits. The plaintiff opposed the motion on the grounds that he was not contributorily negligent as a matter of law and that the defendant, Anthony R. Stenta, had the last clear chance to avert the accident. Plaintiff's opposition was based on the depositions of the plaintiff and defendant and certain affidavits and informal stipulations.

The accident forming the basis of the suit occurred on February 18, 1960, near the intersection of Market Street and Lea Boulevard in the City of Wilmington, Delaware, during the early evening hours; at the time of the accident it was raining heavily.

The plaintiff, Philip Leblang, seeks a recovery for alleged personal injuries sustained as a result of said accident. The plaintiff, Jean Leblang, wife of Philip Leblang, seeks a recovery for loss of services and consortium of her husband.

The facts, as developed for the purpose of the defendants' motion, are essentially undisputed. It appears that the plaintiff, Philip Leblang, crossed Lea Boulevard from the northeast corner of Market Street and Lea Boulevard to the southeasterly corner, where, just past a vacant lot situated at the corner itself, stands a liquor store.

Plaintiff stated in his deposition that he stood under an overhang in front of the liquor store for about five minutes, waiting for traffic to clear, so that he could cross Market Street to a service station where he expected to cash a check. Observing that northbound traffic on Market Street was stopped by a red light, plaintiff stated that he looked back and forth on Market Street and crossed from where he had been standing by the liquor store toward the first driveway of the gas station. There was an unmarked pedestrian crosswalk at the intersection, but plaintiff testified that he was about 15 to 18 feet from the curb at Lea Boulevard, thus placing him outside the usual area traversed by pedestrians.

When plaintiff was only a few feet from the west side of Market Street, he was struck by defendant's automobile. Plaintiff stated that prior to the impact he had not seen this vehicle, nor had he looked in either direction from the time he stepped off the curb until he was hit.

The defendant testified that weather conditions and visibility were very poor due to the heavy rainfall. He indicated that he was traveling about 25-30 miles per hour as he approached the intersection and proceeded across as the light turned amber. Defendant further indicated that when plaintiff came into his view he had no more than 15 feet in which to stop his automobile.

There are two basic issues presented for our determination:

1. Whether plaintiff was guilty of contributory negligence as a matter of law.

2. Whether plaintiff's alleged contributory negligence was a proximate cause of the accident.

We first turn to the question of whether plaintiff was guilty of contributory negligence as a matter of law. In so doing our attention is drawn to the *Delaware Code* which provides:

"Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway." 21 *Del. C.* § 4180(a).

By virtue of plaintiff's testimony in his deposition it is quite obvious that the above-cited statute is applicable to the case at bar. He admitted crossing Market Street approximately 15 to 18 feet from the curbline of Lea Boulevard. Since plaintiff was not within an unmarked crosswalk, his duty to yield the right-of-way to motor vehicles is manifest. However, standing alone the mere violation of a right-of-way statute by a pedestrian is insufficient to establish contributory negligence *per se. Shuman v. Nolfi,* 399 Pa. 211, 159 A. 2d 716 (1960). We therefore must look further if the argument advanced by the defendant is to be sustained. Thus our attention is drawn to a determination of the care required of one who crosses a roadway at a point other than a marked or unmarked crosswalk. The Supreme Court of Pennsylvania has established the following rule:

"It is well established that where a pedestrian traverses a street other than at a regular crossway he is bound to exercise a higher degree of care for his own safety than would be the case were he crossing at an intersection." *Auel v. White,* 389 Pa. 208, 132 A. 2d 350 (1957).

In an earlier decision, that same court affirmed a judgment for defendant in a case very similar to the one at bar. Citing the decision of the lower court, the *per curiam* decision held as follows:

"Now, the electric light system in this State at intersections gives only a permissive license to cross an intersection; it is not an absolute right of way. Even though a driver or pedestrian has a light, in his favor, he must be vigilant and it is his duty to keep on looking as he crosses the street. * * * He has no authority to even cross on a green light blindly * * * even if he did look before he stepped out onto the street and didn't look as he crossed the street and he was struck by an automobile he would be guilty of contributory negligence." *Poulos v. Cassara*, 383 Pa. 217, 118 A. 2d 130 (1955).

In *Poulos, supra*, the plaintiff had crossed a street during a rainstorm. He, like Leblang, the plaintiff in this case, did not look for approaching vehicles once he entered the street. While some of the facts in *Poulos, supra*, are different from the case at bar, the controlling feature of both cases is the failure of the plaintiffs to look for approaching vehicles. Further citing from the decision in the lower court, the court held:

"Certainly, if the jury found that plaintiff was running in this fashion, with a newspaper over his head, and he could not see to his right or to his life, but could only see the pavement on which he was treading, as he crossed the street and stepped in front of a car, *even though the car was proceeding through a red light*, it could hardly be argued that a jury would not be justified in finding him guilty of contributory negligence." *Poulos v. Cassara, supra*. (Emphasis added.)

We recognize that Leblang did not have a newspaper covering his head, but we consider his admission that he saw no cars until he was struck to indicate that his vision was as limited as that of the plaintiff, *Poulos, supra*. The same condition is thus present in both cases—the plaintiffs did not

maintain a proper lookout for their own safety. We therefore note with approval several cases from other jurisdictions outlining the duties of a pedestrian. *Zalec v. Heckel,* 340 Pa. 116, 16 A. 2d 382 (1940); *Carnevale v. McCrady-Rodgers Co.,* 318 Pa. 369, 178 A. 472 (1935); *Love v. State, Use of Nelson,* 217 Md. 290, 142 A. 2d 590 (1958); *Nance v. Kalkman,* 223 Md. 564, 165 A. 2d 757 (1960).

 We therefore hold that a particular duty is imposed upon a pedestrian when crossing a street at a place other than at a marked or unmarked crosswalk. He must look for approaching vehicles or traffic before he enters the street, and he must constantly maintain that vigilance while crossing. It is not sufficient that a pedestrian has looked, he must look effectively. With the evidence before us, the conclusion is inescapable that the plaintiff, Leblang, saw nothing, because he did not look. We are therefore constrained to conclude that plaintiff was guilty of contributory negligence as a matter of law. In reaching this conclusion, however, we do not overrule the Delaware case of *Floyd v. Lipka,* 1 Storey (51 Del.) 487, 148 A. 2d 541 (1959). The facts are clearly distinguishable from the case at bar. One of the most important elements of that case was that the plaintiff crossed *within* an unmarked crosswalk and *maintained* a lookout.

It is thus with little difficulty that we dispose of the second issue—whether plaintiff's contributory negligence is a proximate cause of the accident. The facts, as presented, lead inevitably to the conclusion that they constitute a continuous succession of events and acts on the part of the plaintiff, without which this accident could not have occurred.

 We have but one further matter to add; that is, the possible application of the Doctrine of Last Clear Chance. There are three important Delaware cases in this area, *Baker v. Reid,* 5 Terry 112, 57 A. 2d 103 (1947); *Island Express Co. v. Frederick,* 5 W. W. Harr. 569, 171 A. 181 (1934); *Lord v. Poore,* 9 Terry 595, 48 Del. 595, 108 A. 2d 366 (1954).

Here we have an inattentive plaintiff, as opposed to one in a state of helpless peril. Thus to avail himself of the Last Clear Chance Doctrine he must show that the defendant saw him in time to avoid striking him, had reason to believe he was inattentive, and thus could have avoided the accident. Since no facts are before us to warrant an assumption that the defendant could have avoided the accident, we find no grounds upon which the doctrine can be applied.

■ The right of action of Jean Leblang to recover for the loss of services and consortium of her husband was not briefed or argued before us. However, the decisional law in this State is that a wife is entitled to recover for the loss of consortium, but such right of action in a case such as this is dependent upon the husband's right to maintain an action for personal injuries. *Yonner v. Adams,* 3 Storey 229, 167 A. 2d 717.

For the reasons assigned the judgment of the Superior Court denying defendants' motion for summary judgment is reversed. The action below is ordered dismissed.